**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>IBRIDGE CLOUD SOLUTIONS, INC.,<br><br>Debtor. | Case No. 24-11105 KHT<br>Chapter 7 |

### ORDER DENYING MOTION TO CLARIFY/APPLICATION TO EMPLOY

THIS MATTER comes before the Court on *Forthwith Motion to Clarify the Scope of Employment for Allen Vellone Wolf Helfrich & Factor P.C. or to Employ Allen Vellone Wolf Helfrich & Factor P.C. under 11 U.S.C. § 327(a)* (the "Motion/Application," docket #44), filed by Harvey Sender, Chapter 7 Trustee ("Trustee"), and the Objection thereto (docket #47) filed by Creditor Zayo Group, LLC ("Creditor"). The Court has reviewed the Motion/Application and the file, is fully advised in the premises, and hereby finds and concludes as follows:

Debtor filed its Chapter 7 bankruptcy case March 14, 2024, through counsel who had represented Debtor pre-petition, Allen Vellone Wolf Helfrich & Factor P.C. ("Allen Vellone").[1] Trustee was duly appointed.

On June 28, 2024, Trustee filed an application to employ Allen Vellone as special counsel (docket #15) under 11 U.S.C. § 327(e),[2] which provides as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

No party filed an objection to the application, and on July 18, 2024, the Court entered its *Order Granting Application to Employ Allen Vellone Wolf Helfrich & Factor PC as Special Counsel* (the "Employment Order," docket #22), which provided, in full, as follows:

> THIS MATTER is before the Court on the Trustee's Application (the "Application") to Employ Allen Vellone Wolf Helfrich & Factor P.C. ("Allen Vellone") as special counsel, pursuant to the provisions of 11 U.S.C. § 327(e), and finds there is good cause for granting the Application, and the Court

---

[1] Allen Vellone subsequently joined Michael Best & Friedrich LLP. The Court will nevertheless refer to Allen Vellone because that was the firm existing at the relevant time periods herein.

[2] Further references to "section" are to those of the Bankruptcy Code, 11 U.S.C., unless otherwise noted.

ORDERS that Allen Vellone is hereby employed as special counsel for Harvey Sender, the Chapter 7 Trustee of the bankruptcy estate of iBridge Cloud Solutions, inc., under 11 U.S.C. § 327(e).

Employment Order (docket #22).

Creditor filed a Motion to Dismiss Debtor's bankruptcy case under § 707(a) (the "Motion to Dismiss," docket #31). Trustee believes Allen Vellone should be allowed to represent him in connection with the Motion to Dismiss. In his Motion/Application, Trustee asks the Court to "clarify" the Employment Order allows Allen Vellone to represent Trustee on the Motion to Dismiss. The Court cannot so find. The Employment Order makes clear Allen Vellone's employment was approved under § 327(e), under which employment is limited to "a specified special purpose, other than to represent the trustee in conducting the case." Allen Vellone may not represent Trustee in conducting the case, including responding to the Motion to Dismiss, under the Employment Order or § 327(e).

In the alternative, Trustee asks this Court to authorize the employment of Allen Vellone under § 327(a), which provides as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Section 327(a) employment requires disinterestedness. Trustee appears to admit Allen Vellone is not disinterested. In his Motion/Application, Trustee purports to waive the conflict of interest. But § 327(a) does not allow for such a waiver. As another division of this Court made clear over 35 years ago:

> Section 327 of the Code does not permit excusing the limitation of those provisions by waiver or by the trustee's consent to the representation of dual interests. The attorney must be "disinterested" and must not "hold or represent an interest adverse" to the estate. The explicit limitations contained in the statute reflect Congressional concerns with what it perceived to have been past abuses. It also recognizes that what may be acceptable in a commercial setting, where all of the entities are solvent and creditors are being paid, is not acceptable when those entities are insolvent and there are concerns about intercompany transfers and the preference of one entity and its creditors at, perhaps, the expense of another.

*In re Amdura Corp.*, 121 B.R. 862, 866 (Bankr. D. Colo. 1990) (citations omitted). Allen Vellone is not disinterested. Allen Vellone cannot be employed under § 327(a).

Accordingly, it is

ORDER DENYING MOTON TO CLARIFY/APPLICATION TO EMPLOY
Case No. 24-11105 KHT

HEREBY ORDERED that the Motion/Application is DENIED.

Dated October 14, 2025

BY THE COURT:

_____
Kimberley H. Tyson
United States Bankruptcy Judge